UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| CHARLES MOORE, JR. | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:18-CV-82 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Motion to Intervene filed by BlueCross BlueShield of Tennessee, Inc as Administrator for the Health and Welfare Plan of Interstate Graphics ("BCBST"). [Doc. 16]. In its motion filed September 19, 2018, BCBST moves to intervene in this case on the grounds that, as the insurance provider for Plaintiff, it is entitled to subrogation to the extent of sums paid to Plaintiff related to the case before the Court. Neither Plaintiff nor Defendant have responded to this motion. This matter is before the United States Magistrate Judge under the standing orders of the Court and 28 U.S.C. § 636 for a report and recommendation.

Rule 24 of the Federal Rules of Civil Procedure states that the Court may allow a party to intervene by right when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[1]" Fed.R.Civ.P. 24(a)(2). Further, the motion to intervene must be served on

---

[1] While BCBST's motion improperly relies on Rule 24.01 of the Tennessee Rules of Civil Procedure, the rule is practically identical to appropriate rule used here, Rule 24 of the Federal Rules of Civil Procedure.

1

the parties, must state the grounds for intervention, and must include a pleading that sets out the claim for which intervention is sought. Fed.R.Civ.P. 24(c).

In this motion, BCBST states the facts that would allow for intervention by right. In his complaint [Doc. 1], Plaintiff alleges a cause of action against Defendant for personal injuries that were sustained on or about February 17, 2015 as a result of an accident at a United States Post Office. [Doc 16, ¶ 1]. Plaintiff was insured by an insurance plan through BCBST at the time of the accident that would allow him benefits for medical expenses. [Doc 16, ¶ 2]. As a result of the accident and subsequent medical treatment, BCBST paid benefits for medical treatment both to and on behalf of Plaintiff. [Doc 16, ¶ 3]. BCBST maintains that it is subrogated to Plaintiff to the extent of payments made to or for the benefit of Plaintiff and is therefore entitled to recover up to the amount paid, which may increase if further payments are made for future treatment of the injuries. [Doc 16, ¶ 4-5]. BCBST further states that its interest is not fully represented by the present parties to the action. [Doc. 16, ¶ 6].

It is well settled that an insurer-subrogee has a substantive right to protect its interest in the losses claimed by the insured-subrogor. *See Wilkerson v. Flying J., Inc.*, 2008 WL 11342564, *2 (E.D. Tenn. 2008), *Maricco v. Meco Corp.*, 316 F.Supp.2d 524, 526 (E.D. Mich. 2004), *United States v. Aetna Casualty & Surety Co.*, 338 U.S. 366, 380-81 (1949). It need not wait until the conclusion of the action to file a separate subrogation claim against the plaintiff to recoup its portion of the judgment received. *Wilkerson*, 2008 WL 11342564 at *2. The insurer-subrogee cannot be certain that the plaintiff may "perhaps for strategic reasons, seek to downplay or ignore [the insurer's expenses] of their claimed losses." *Id*. (quoting *Maricco*, 316 F.Supp.2d at 527). Therefore, the insurer-subrogee is "entitled to participate in [the present] action to ensure that its

unique interest as subrogee is properly protected." *Maricco*, 316 F.Supp.2d at 527. The Court finds that BCBST has an interest in this matter that is not adequately represented by the existing parties.

Once the movant has established this unrepresented interest, the movant must also comply with the procedural aspects of Rule 24(c), namely service under Fed.R.Civ.P. 5 and the proposed pleading. BCBST provides in the Certificate of Service for this motion that it was "filed electronically with the Court and notice of the filing [was] sent by the course of the electronic filing system to all attorneys of records" as allowed by Rule 5(b)(2)(E). [Doc. 16, pg. 3]. Additionally, BCBST attached as Exhibit 1 to its motion a copy of the proposed complaint to be filed by BCBST, outlining its claim and demand for relief. [Doc. 16-1]. Based on this, the Court finds that BCBST has complied with the procedural requirements to intervene as specified by Rule 24.

As stated, neither Plaintiff nor Defendant has objected to BCBST's motion to intervene. Therefore, given the findings that BCBST has an interest in the abovementioned case and has properly filed a motion to intervene, the Court RECOMMENDS that BCBST's motion to intervene be granted and BCBST be directed to file its complaint in this matter within ten (10) days of entry of this order.[2]

Respectfully submitted,

s/ Clifton L. Corker
United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be filed within fourteen (l4) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

3

Case 2:18-cv-00082-CLC-CRW    Document 19    Filed 10/19/18    Page 3 of 3    PageID #: 60